IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHARON K. FRONCHECK,

    **Plaintiff,**

v.

COMMISSIONER OF
SOCIAL SECURITY,

    **Defendant.**                                                  Case No. 08-cv-50-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

        Plaintiff Sharon Froncheck has filed suit against the Commissioner of Social Security seeking judicial review of an administrative agency's decision to deny her disability benefits (Doc. 1). Specifically, pursuant to **42 U.S.C. § 405(g)**, Plaintiff seeks judicial review of the Commissioner's decision denying her disability benefits. Now before the Court is Plaintiff's Amended Motion for Leave to Proceed *in Forma Pauperis* and Supporting Declaration (Doc. 6). In its April 15, 2008 Order (Doc. 5), the Court denied Plaintiff's original Motion because Plaintiff failed to sign her Supporting Declaration. Plaintiff's Amended Motion includes her signature, attesting to the veracity of her financial information set forth in her Motion to demonstrate her

inability to pay costs associated with this suit. Because the Court finds that Plaintiff is indigent, it grants the motion.

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. For many years, federal district courts granted such motions if the movant was indigent and the complaint was neither frivolous nor malicious. **28 U.S.C. § 1915**. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." ***Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997)**.

Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

Plaintiff's motion survives **§ 1915(e)(2)** review. Plaintiff's Motion (and Supporting Declaration) adequately demonstrates her poverty status (Doc. 6). Further, the action appears to be neither frivolous nor malicious at this point. Thus, the Court cannot now conclude that the Complaint fails to state a claim or that the named Defendant is immune from suit.

Accordingly, the Court **GRANTS** Plaintiff's Amended Motion for Leave to Proceed *in Forma Pauperis* (Doc. 6). The Court **DIRECTS** the Clerk's Office to prepare and issue the summons for the named Defendants and forward the summons to Plaintiff. and the USM-285 forms for Defendant, the United States Attorney and the Attorney General and forward these documents to the Clerk of the Court for issuance. Once a summons, if any, is issued, the Court **DIRECTS** the United States Marshal to obtain service on same. Costs of service shall be borne by the United States of America, which, in turn, **GRANTS** Plaintiff's Motion for Service of Process at Government Expense (Doc. 4).

**IT IS SO ORDERED.**

Signed this 29th day of April, 2008.

/s/     *David R Herndon*

**Chief Judge**
**United States District Court**